HALDERMAN ET AL. *v.* CITY OF ASTORIA ET AL.

(13 P. (2d) 358)

*G. C. Fulton*, of Astoria, for plaintiffs.

*James L. Hope*, of Astoria, for defendants.

BELT, J.   This is an original mandamus proceeding to compel the city of Astoria to accept one of its municipal bonds in full payment and satisfaction of certain special assessments levied on the property of the plaintiff. It appears from the petition for the alternative writ that on June 6, 1932, the charter of the city of Astoria was amended by the addition of section 210, which provides as follows:

"That all the duly issued, valid and unpaid bonds and/or bond interest coupons, and general fund warrants of the City of Astoria are hereby also declared to be legal tender for the purpose of paying all or any part of special assessment liens, interest and penalty thereon, now owing and payable to the City of Astoria on real property within said City, and the officers of the City of Astoria charged with the collection of such assessments are hereby authorized and empowered to

accept such bonds, interest coupons, and general fund warrants at the par value thereof in payment of such special assessments; provided, however, that assessments levied and due the City of Astoria for sanitary and reclamation in Districts Nos. Two (2) and Three (3) of the City of Astoria are excepted from the operation of this amendment, and no such bonds, interest coupons, or warrants to be accepted in payment of said last mentioned assessments.''

Prior to the above charter amendment the city had made many public street improvements and had provided that the cost thereof should be defrayed by special assessments to be levied upon the real property benefited thereby. It is alleged that substantially all of the owners of property, upon which such special assessments had been made, elected, under the provisions of section 79 of the city charter, to pay these assessments in instalments. Upon the acceptance of the applications of property owners to pay in instalments, the city, prior to this charter amendment, issued its improvement bonds equal to the total amount of such unpaid assessments. From the proceeds of the sale of these bonds the contractor who did the improvement work was paid.

Plaintiff purchased a bond of the city and tendered it in payment of the assessments levied on his property. Upon failure of the city to accept such bond, and the accrued interest thereon, in satisfaction of such assessment liens, this mandamus proceeding was instituted.

The city has demurred to the writ asserting that section 210 of the charter is unconstitutional in that its effect is to impair the obligation of its contracts with bondholders. At the threshold of the case it is important to bear in mind that the section of the charter in

question does not make it mandatory on the bond owner to release the city from its obligations under the bond. If he so desires he may keep the bond until the city pays it. It merely offers the property owner upon whom a special assessment has been levied an additional method of payment. The bonds recite that "the full faith and credit of said city of Astoria, together with the full taxing power, both general and special, and other revenues of said city are pledged to the payment of this bond and the interest coupons hereto attached." The city, under its charter provisions, does not guarantee that the bonds will be paid from moneys derived from special assessment proceedings. It does contract that the bonds are general obligations of the city and that it will exercise its full taxing power to the end that they will be redeemed on maturity. The record discloses that the city has defaulted in payment on thousands of dollars in outstanding bonds. By this charter amendment, the city, which is in a serious financial situation, proposes: (1) To reduce its bonded indebtedness; (2) to enhance the value of outstanding bonds; and (3) to relieve property owners who have become delinquent in payment of special assessments.

It is an anomalous situation for a city to urge that a charter provision—the source of its power—is unconstitutional. Certainly the city can not be injured by the proposed method of liquidating its indebtedness. The plaintiff is not complaining of any impairment of obligation of contract. The principal argument of the city is that the charter may jeopardize the rights of bondholders who do not tender them in payment of special assessments. In other words, the city does not want to break faith with bondholders who rely upon payment being made when the bonds mature.

The bonds are numbered consecutively and are to be paid in such order. It is obvious that, if the city is thus enabled to reduce its indebtedness, the security of outstanding bonds is not impaired but rather enhanced. If property owners continue to default in payment of special assessments and the city is obliged to take over property encumbered by special assessment liens, it is quite reasonable to assume that the ability of the city to redeem outstanding bonds will be materially affected. If, however, the encumbrances of special assessment liens are removed from property, the assets of the city are increased. To illustrate: Assume that the city had bonded indebtedness of $1,000,000 and $900,000 in bonds was accepted in payment of special assessments. Can it reasonably be contended that the security of those who hold the remaining bonds aggregating $100,000 has been impaired? Indeed, no bondholder is complaining in the instant case.

We fail to see wherein the charter amendment is unconstitutional. It follows that the demurrer to the writ is overruled. A peremptory writ will issue.

Rossman and Kelly, JJ., not sitting.